UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER L. RAINES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEHIGH HANSON SERVICES, LLC; CALAVERAS MATERIALS, INC.; MARTIN MARIETTA MATERIALS, INC.; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:23-cv-01539-DJC-CKD<br><br>ORDER GRANTING MOTION TO DISMISS THIRD CAUSE OF ACTION WITH LEAVE TO AMEND |

Plaintiff Walter L. Raines brings a putative class action against Defendants Lehigh Hanson Services, LLC ("Lehigh"); Calaveras Materials, Inc. ("Calaveras"); Martin Marietta Materials, Inc. ("Martin"); Heidelberg Cement Group ("Heidelberg"); and Does 1 through 100, alleging various violations of California's labor laws. Defendant Martin moved to dismiss Plaintiff's third cause of action for violations of California's meal and rest break rules and to dismiss the Doe defendants from this case. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Martin's Motion to Dismiss (ECF No. 7).

# BACKGROUND

## I. Factual Background

As alleged in the Complaint, each of the Defendants are related to each other, either as employer-employee, principal-agent, parent-subsidiary, affiliates, or otherwise in some joint enterprise. (*See* Pl.'s Compl. for Damages and Restitution . . . (ECF No. 1-2 at 7–31) ¶ 12 [hereinafter Complaint or Compl.].) Plaintiff worked for one of the Defendants from about July 2018 to June 30, 2022. (*See* Martin's Mem. of P. and A. in Supp. of Partial Mot. to Dismiss (ECF No. 7-1) 2 [hereinafter Motion or MTD]; Compl. ¶ 4.) Defendant Martin acquired Defendant Lehigh's California subsidiaries on or around October 1, 2021, after which Martin became Plaintiff's employer around May 2022. (*See* MTD 1.) While Defendants employed Plaintiff, Plaintiff was subject to a collective bargaining agreement ("CBA") between his employer and his union. (*See* Decl. of Aaron D. Boal in Supp. of Pl.'s Opp'n to Martin's MTD Ex. A (ECF No. 17-2) [hereinafter 2022 CBA or Boal Decl. Ex. A] (providing a copy of Plaintiff's CBA while employed with Martin); Not. of Errata to Martin's MTD Ex. A (ECF No. 15) [hereinafter 2020 CBA or MTD Ex. A] (providing a copy of Plaintiff's CBA while employed with Calaveras, Lehigh's subsidiary).)

## II. Procedural Background

Plaintiff filed the putative class action Complaint in San Joaquin County Superior Court on June 5, 2023. (*See* Compl. 25.) Martin removed the matter to federal court on July 27, 2023. (*See* MTD 2.) Martin filed the instant partial Motion to Dismiss on August 24, 2023. (*See* ECF No. 24.) After the Court issued an Order to Show Cause, Plaintiff filed his Opposition on September 14, 2023. (*See* Pl.'s Opp'n to Martin's MTD; Mem. of P. and A. (ECF No. 17) 17 [hereinafter Opposition or Opp'n].) Martin filed its Reply on September 25, 2023. (*See* Martin's Reply in Supp. of MTD (ECF No. 19) [hereinafter Reply].) The Court took the matter under submission without appearance and without oral argument. (*See* ECF No. 18.) The matter is fully briefed.
////

**DISCUSSION**

**I.     The Motion to Dismiss**

   **A.     Legal Standard**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

   **B.     Analysis**

      **1.     The Third Cause of Action Does Not State a Valid Claim.**

Martin asks that Plaintiff's claims based on Wage Order 9 be dismissed as inapplicable because Martin is not in the "transportation industry." (*See* MTD 4–5.[1])

---

[1] The Court declines to take judicial notice of the SEC filings at this stage because Martin has failed to attach the relevant filing or otherwise provide the Court the "necessary information." Fed. R. Evid. 201(c)(2). For purposes of the instant Motion, the Court incorporates by reference the CBAs between

3

Plaintiff agrees with Martin about the first request to dismiss claims related to Wage Order 9 following a meet-and-confer on September 5, 2023.  (*See* Opp'n 1 and n.1 (indicating that Plaintiff will file an amended complaint raising the same claim under Wage Order 4); Boal Decl. (ECF No. 17-1) ¶¶ 3–4 (same).)  Plaintiff also agrees that his claim under the third cause of action for violations of California Labor Code section 512 fails.  (*See* Opp'n 1 and n.2; Reply 1.)  As Martin indicated, without Wage Order 9 and California Labor Code section 512 to allege violations of California's labor laws, Plaintiff's third cause of action that also alleged violations of California Labor Code section 226.7 must fail because section 226.7 is a derivative statute that requires predicate violations to state a cause of action.  (*See* MTD 6; Reply 1–3.)  Accordingly, the Court finds that Plaintiff's third cause of action as alleged in the Complaint lacks a cognizable legal theory and therefore should be dismissed.

Martin also asks  that the Court go further and dismiss the future claims Plaintiff intends to bring under Wage Order 4 and California Labor Code section 226.7.  (*See* Reply 2–7.)  This is understandable given that Plaintiff already has stated his intent to re-allege the third cause of action and to omit reference to California Labor Code section 512 and instead rely on Wage Order 4.  (*See* Opp'n 1 and nn.1–2.)  However, the Court declines to grant such relief at this stage because a court is limited to granting relief based on the operative complaint before it.  *See, e.g.*, *Falck N. Cal. Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 764 (9th Cir. 2022) (dismissing an interlocutory appeal of the district court's denial of the motion to dismiss the first amended complaint after the plaintiff filed their second amended complaint before the appeal was filed).  Moreover, given the procedural posture, the Court believes it would be beneficial to give the parties the opportunity to brief these issues in the context of an amended complaint.

////

---

Plaintiff and Martin.  *See Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018) (*citing Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).

Accordingly, the Court GRANTS the motion to dismiss the third cause of action with leave to amend.

### 2. The Doe Defendants Cannot Be Dismissed at this Stage.

Martin's final request is to dismiss the Doe defendants from this case because the Ninth Circuit disfavors their use. (*See* MTD 12–14.) Plaintiff counters, arguing that Ninth Circuit precedent establishes that district courts must permit Doe defendants to allow the plaintiff to use discovery to identify the Doe defendants, and that using Doe defendants under California law is a substantive right that this Court must enforce. (*See* Opp'n 11–13 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642–43 (9th Cir. 1980); *Lindley v. Gen. Elec. Co.*, 780 F.2d 797, 799–802 (9th Cir. 1986)).)

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie*, 629 F.2d at 642 (citing *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968)). The Ninth Circuit has recognized, however, that a plaintiff may use Doe defendants "where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint should be dismissed on other grounds." *Id.* (citations omitted). However, the plaintiff using Doe defendants must still "allege sufficient facts to state a claim to survive dismissal on the pleadings." *Wilson v. Fla. Dep't of Revenue*, No. 14-cv-04726-JCS, 2015 WL 136557, at *11 n.6 (N.D. Cal. Jan. 8, 2015) (citing *Lopez v. Bank of Am.*, No. 1:11-cv-00485-LJO-SMS, 2011 WL 1134671, at *2–3 (E.D. Cal. Mar. 28, 2011)).

The Court finds that Plaintiff provides sufficient factual allegations regarding the Doe defendants, by incorporating their actions with the other Defendants and parties, to state a cause of action against the Doe defendants. Martin criticizes Plaintiff for only making the conclusory statement that "each Doe Defendant was a person 'acting on behalf of' the named Defendants 'in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies' . . . ." (Reply 7 (quoting

5

Compl. ¶¶ 6–10, 12).)  However, Martin omits mentioning the end of paragraph 12 of the Complaint, which states that "[a]s used in this Complaint, 'Defendant' means 'Defendants and each of them,' and refers to the Defendant named in the particular cause of action in which the word appears and includes Defendants LEHIGH HANSON SERVICES, LLC; CALAVERAS MATERIALS, INC.; MARTIN MARIETTA MATERIALS, INC.; HEIDELBERG CEMENT GROUP; and DOES 1 to 100, inclusive." (*Id.* ¶ 12.)  The incorporation of the Doe Defendants into the allegations in the Complaint is sufficient at this stage of the proceedings to state a claim.

As for any notice problems, it appears that the Complaint uses the Doe defendants as a fill-in for the various employees and entities that supervised Plaintiff and the putative class members that denied them their various meal and rest break periods and other labor rights.  (*See, e.g.*, *id.* ¶ 18 (complaining that Defendants "[r]equir[ed] Plaintiff and similarly situated employees to call in prior to the start shift to determine whether or not they were scheduled to work that day[ ]").  Because the Defendants in this case are all corporate or abstract entities, the Doe defendants appear to be the individuals that implemented and executed these practices and policies that allegedly violated California's labor laws, and their inclusion is still proper to pursue their true identities through discovery.  *See Gillespie*, 629 F.2d at 642–43.

For the reasons set forth above, the Court DENIES Martin's motion to dismiss the Doe defendants.

////
////
////
////
////
////
////
////

**CONCLUSION**

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Defendant Martin Marietta Materials Inc.'s Motion to Dismiss (ECF No. 7). Specifically, the Court GRANTS the Motion to Dismiss Plaintiff's Third Cause of Action with leave to amend, and the Court DENIES the Motion to Dismiss the Doe defendants from this action. The Court also discharges the Order to Show Cause (ECF No. 16).

IT IS SO ORDERED.

Dated:   **October 3, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Raines23cv1539.MTD