Joseph Lavi, Esq. (SBN 209776)
Email: jlavi@lelawfirm.com
N. Nick Ebrahimian, Esq. (SBN 219270)
Email: nebrahimian@lelawfirm.com
Vincent C. Granberry, Esq. (SBN 276483)
vgranberry@lelawfirm.com
Aaron D. Boal, Esq. (SBN 327005)
aboal@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for Plaintiff WALTER L. RAINES,
on behalf of himself and others similarly situated

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| WALTER L. RAINES, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>LEHIGH HANSON SERVICES, LLC; CALAVERAS MATERIALS, INC.; MARTIN MARIETTA MATERIALS, INC.; HEIDELBERG CEMENT GROUP; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No. 2:23-cv-01539-DJC-CKD<br>Assigned to Hon. Daniel J. Calabretta<br><br>**CLASS ACTION**<br><br>**PLAINTIFF WALTER L. RAINES' FIRST AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION FOR:**<br><br>1. **FAILURE TO PAY WAGES FOR ALL HOURS WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**<br><br>2. **FAILURE TO PAY REPORTING TIME PAY IN VIOLATION OF LABOR CODE SECTIONS 1194, 1197, AND 1198**<br><br>3. **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS AND 226.7**<br><br>4. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**<br><br>5. **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203** |

**6. UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff WALTER L. RAINES ("Plaintiff"), who alleges and complains against Defendants LEHIGH HANSON SERVICES, LLC; CALAVERAS MATERIALS, INC.; MARTIN MARIETTA MATERIALS, INC.; HEIDELBERG CEMENT GROUP; and DOES 1 to 100, inclusive (collectively "Defendants") as follows:

## I.    INTRODUCTION

1.      This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage; failure to pay reporting time pay; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

## II.    JURIDISCTION AND VENUE

2.      This Case was Initially filed in California Superior Court, in San Joaquin County. Defendant removed the case to the United States District Court for the Eastern District of California under CAFA. This Court has jurisdiction over Plaintiff's and putative class members' claims for failure to pay wages for all hours worked at minimum wage; failure to pay reporting time pay;  failure to authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; and claims for injunctive relief and restitution under California Business and Professions Code sections 17200, *et seq.*, for the following reasons: Defendants operate throughout California; Defendants employed Plaintiff and putative class members in locations throughout California, including but not limited to San Joaquin County, at 1945 Lathrop Rd, Manteca, CA 95336, more than two-thirds of putative class

1  members are California citizens; the principal violations of California law occurred in California;

2  no other class actions have been filed against Defendant Martin Marietta Materials, Inc. in the last

3  four (4) years alleging wage and hour violations; no other class action has been filed against

4  Defendant's Lehigh Hanson Services, LLC and Calaveras Materials, Inc. concerning wage and

5  hour violations from June 19, 2022 to present; the conduct of Defendants forms a significant basis

6  for Plaintiff's and putative class members' claims; and Plaintiff and putative class members seek

7  significant relief from Defendants.

8  **III.**    **PARTIES**

9      3.    Plaintiff brings this action on behalf of himself and other members of the general

10  public similarly situated. The named Plaintiff and the class of persons on whose behalf this action

11  is filed are current, former, and/or future employees of Defendants as direct employees as well as

12  temporary employees employed through temp agencies who work as hourly non-exempt

13  employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of

14  California and was employed by Defendants in the State of California within the four (4) years

15  prior to the filing of the initial Complaint.

16      4.    Defendants employed Plaintiff as an hourly non-exempt employee from in or

17  around July 2018, until on or about June 30, 2022.

18      5.    Plaintiff is informed and believes and thereon alleges that Defendants employed

19  him and other hourly non-exempt employees throughout the State of California and therefore their

20  conduct forms a significant basis of the claims asserted in this matter.

21      6.    Plaintiff is informed and believes and thereon alleges that Defendant LEHIGH

22  HANSON SERVICES, LLC is authorized to do business within the State of California and is

23  doing business in the State of California and/or that Defendants DOES 1-25 are, and at all times

24  relevant hereto were persons acting on behalf of Defendant LEHIGH HANSON SERVICES, LLC

25  in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or

26  policies. Defendant LEHIGH HANSON SERVICES, LLC operates in San Joaquin County and

27  employed Plaintiff and putative class members in San Joaquin County, including but not limited

28  to, at 1945 Lathrop Rd, Manteca, CA 95336.

**FIRST AMENDED COMPLAINT**

7.     Plaintiff is informed and believes and thereon alleges that Defendant CALAVERAS MATERIALS, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 26-50 are, and at all times relevant hereto were persons acting on behalf of Defendant CALAVERAS MATERIALS, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant CALAVERAS MATERIALS, INC. operates in San Joaquin County and employed Plaintiff and putative class members in San Joaquin County, including but not limited to, at 1945 Lathrop Rd, Manteca, CA 95336.

8.     Plaintiff is informed and believes and thereon alleges that Defendant MARTIN MARIETTA MATERIALS, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 51-70 are, and at all times relevant hereto were persons acting on behalf of Defendant MARTIN MARIETTA MATERIALS, INC. is in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant MARTIN MARIETTA MATERIALS, INC. is operates in San Joaquin County and employed Plaintiff and putative class members in San Joaquin County, including but not limited to, at 1945 Lathrop Rd, Manteca, CA 95336.

9.     Plaintiff is informed and believes and thereon alleges that Defendant HEIDELBERG CEMENT GROUP is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 71-100 are, and at all times relevant hereto were persons acting on behalf of Defendant HEIDELBERG CEMENT GROUP is in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant HEIDELBERG CEMENT GROUP is operates in San Joaquin County and employed Plaintiff and putative class members in San Joaquin County, including but not limited to, at 1945 Lathrop Rd, Manteca, CA 95336.

10.     Plaintiff is informed and believes and thereon alleges that Defendant DOES 51-100 are individuals unknown to Plaintiff. Each of the individual Defendant is sued individually in his or her capacity as an agent, shareholder, owner, representative, supervisor, independent contractor and/or employee of each Defendant and participated in the establishment of, or ratification of, the

1    aforementioned illegal wage and hour practices or policies.

2          11.    Plaintiff is unaware of the true names of Defendant DOES 1-100. Plaintiff sues said

3    Defendants by said fictitious names and will amend this Complaint when the true names and

4    capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted

5    by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named

6    Defendants is in some manner responsible for the events and allegations set forth in this

7    Complaint.

8          12.    Plaintiff is informed and believes and thereon alleges that at all relevant times, each

9    Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,

10   controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

11   predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

12   the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

13   of the other defendants so as to be liable for their conduct with respect to the matters alleged in

14   this Complaint. Plaintiff is further informed and believe and thereon allege that Defendants acted

15   pursuant to and within the scope of the relationships alleged above, and that at all relevant times,

16   Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled,

17   aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendant"

18   means "Defendants and each of them," and refers to the Defendant named in the particular cause

19   of action in which the word appears and includes Defendants LEHIGH HANSON SERVICES,

20   LLC; CALAVERAS MATERIALS, INC.; MARTIN MARIETTA MATERIALS, INC.;

21   HEIDELBERG CEMENT GROUP; and DOES 1 to 100, inclusive.

22         13.    At all times mentioned herein, each Defendant was the co-conspirator, agent,

23   servant, employee, and/or joint venturer of each of the other Defendants and was acting within the

24   course and scope of said conspiracy, agency, employment, and/or joint venture and with the

25   permission and consent of each of the other Defendants.

26         14.    Plaintiff makes the allegations in this Complaint without any admission that, as to

27   any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and

28   Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## IV.    **DESCRIPTION OF ILLEGAL PAY PRACTICES**

15.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order ("Wage Order"), codified at California Code of Regulations, title 8, section 11090, Defendants are employers of Plaintiff within the meaning of Wage Order 4 and applicable Labor Code sections. Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of herein in violation of the Wage Order and the Labor Code.

16.    **Failure to pay wages for all hours worked at the legal minimum wage**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered and permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

17.    Labor Code sections 1194 and 1197 require an employer to compensate employees for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the Wage Orders.

18.    Plaintiff and similarly situated hourly non-exempt employees worked more minutes per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and similarly situated employees all wages at the applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) "Rounding" down or "shaving" Plaintiff's and similarly situated employees' daily hours worked at the time of their clock-in and clock-out, including their clock-in and clock-out for meal breaks, to the nearest one-tenth of an hour, to the benefit of Defendants; and

(b) Requiring Plaintiff and similarly situated employees to call in prior to the start shift to determine whether or not they were scheduled to work that day.

19.    Plaintiff and similarly situated employees were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked.

20.    Therefore, Defendants suffered, permitted, and required their hourly non-exempt

employees to be subject to Defendants' control without paying wages for that time. This resulted in Plaintiff and similarly situated employees working time for which they were not compensated any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 4.

21.     **Failure to provide reporting time pay**: Labor Code sections 1198, 1194, 1197 require an employer to pay "reporting time pay" as established by the IWC and the Wage Orders. Wage Order 4 requires that when an "employee is required to report for work and does report but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage." Wage Order 4, §5(A).

22.     In this case Defendants required Plaintiff and similarly situated employees to call in prior to their start shift to determine whether they are scheduled to work that day.

23.     Therefore, Defendants require Plaintiff and other similarly situated employees to report for work and be put to work for less than half of their usual or scheduled day's work, but Defendants did not pay Plaintiff or other similarly situated employees any reporting time pay.

24.     Defendants' practice resulted in Plaintiff and all other similarly situated California hourly non-exempt employees not receiving reporting time pay when required to work less than their half their usual schedule or scheduled day's work in compliance with California law.

25.     **Failure to authorize or permit all legally required and compliant meal periods and/or failure to pay meal period premium wages:** Defendants often employed hourly non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts longer than five (5) hours in length and shifts longer than ten (10) hours in length.

26.     California law requires an employer to authorize or permit an uninterrupted meal period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Wage Order 4, §11. If the employee is not relieved of all duties during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when (1) the nature of the work prevents an employee from being relieved of all

duty and (2) the parties have a written agreement agreeing to on-duty meal periods. If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee is subject to the employer's control and the meal period is counted as time worked. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally required and compliant meal period was not provided. Labor Code section 226.7; Wage Order 4, §11.

27.    Here, Plaintiff and similarly situated employees worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to:

(a) "Rounding" or "shaving" Plaintiff's and similarly situated employees' total daily hours at the time of their clock-in and clock-out for their meal breaks to the nearest one-tenth of an hour, to the benefit of Defendants.

28.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees  a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods. Defendants employed policies and procedures which ensured that employees did not receive any meal period premium wages to compensate them for workdays in which they did not receive all legally required and compliant meal periods.

29.    The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

30.    **Failure to provide accurate wage statements**: Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish

1   each of his or her employees ... an itemized statement in writing showing (1) gross wages earned,

2   (2) total hours worked by the employee, except for any employee whose compensation is solely

3   based on a salary and who is exempt from payment of overtime under subdivision (a) of Section

4   515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate

5   units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

6   deductions, provided, that all deductions made on written orders of the employee may be

7   aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period

8   for which the employee is paid, (7) the name of the employee and his or her social security

9   number, (8) the name and address of the legal entity that is the employer, and (9) all applicable

10  hourly rates in effect during the pay period and the corresponding number of hours worked at each

11  hourly rate by the employee."

12      31.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed

13  to provide accurate wage and hour statements to him and other similarly situated employees who

14  were subject to Defendants' control for uncompensated time and who did not receive all their

15  earned wages (including minimum wages and/or reporting time wages), in violation of Labor

16  Code section 226.

17      32.    **Failure to timely pay final wages**: An employer is required to pay all unpaid

18  wages timely after an employee's employment ends. The wages are due immediately upon

19  termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202.

20      33.    Defendants committed direct violations of Labor Code section 203, because they

21  failed to provide Plaintiff and other similarly situated employees' their final wages in a timely

22  manner as required by Labor Code section 203. Defendants did not pay Plaintiff's and other

23  similarly situated employees' final wages until the pay period following the date of termination.

24      34.    As a result of the aforementioned violations of the Labor Code, Plaintiff alleges

25  that he and similarly situated employees were not paid their final wages in a timely manner as

26  required by Labor Code section 203. Minimum wages for all hours worked and/or wages for

27  reporting time (all described above), were not paid at the time of Plaintiff's and other similarly

28  situated employees' separation of employment, whether voluntarily or involuntarily, as required

1  by Labor Code sections 201, 202, and 203.

2  **V.      CLASS DEFINITIONS AND CLASS ALLEGATIONS**

3      35.    Plaintiff brings this action on behalf of himself, on behalf of others similarly

4  situated, and on behalf of the general public, and as members of a Class defined as follows:

5          A.    **Minimum Wage Class**: All current and former hourly non-exempt

6  employees employed by Defendants as direct employees as well as temporary employees

7  employed through temp agencies in California at any time from four (4) years prior to the filing of

8  the initial Complaint in this matter through the date notice is mailed to a certified class who were

9  not paid at least minimum wage for all time they were subject to Defendants' control.

10         B.    **Reporting Time Pay Class:** All current and former hourly non-exempt

11  employees employed by as direct employees as well as temporary employees employed through

12  temp agencies Defendants in California through the date notice is mailed to a certified class were

13  not paid reporting time pay when required to report for work and does report but is not put to work

14  or is furnished less than half their usual or scheduled day's work.

15         C.    **Meal Period Class**: All current and former hourly non-exempt employees

16  employed by Defendants as direct employees as well as temporary employees employed through

17  temp agencies in California at any time from four (4) years prior to the filing of the initial

18  Complaint in this matter through the date notice is mailed to a certified class who worked shifts

19  more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal

20  periods of not less than thirty (30) minutes.

21         D.    **Wage Statement Class**: All current and former hourly non-exempt

22  employees employed by Defendants as direct employees as well as temporary employees

23  employed through temp agencies in California at any time from one (1) year prior to the filing of

24  the initial Complaint in this action through the date notice is mailed to a certified class who

25  received inaccurate or incomplete wage and hour statements.

26         E.    **Waiting Time Class**: All current and former hourly non-exempt employees

27  employed by Defendants as direct employees as well as temporary employees employed through

28  temp agencies in California at any time from three (4) years prior to the filing of the initial

1    Complaint in this action through the date notice is mailed to a certified class who did not receive

2    payment of all unpaid wages upon separation of employment within the statutory time period.

3            F.    **California Class**: All aforementioned classes are herein collectively

4    referred to as the "California Class."

5        36.    There is a well-defined community of interest in the litigation and the classes are

6    ascertainable:

7            A.    **Numerosity**: While the exact number of class members in each class is

8    unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder

9    of all members is impractical under the circumstances of this case.

10           B.    **Common Questions Predominate**: Common questions of law and fact

11   exist as to all members of the Plaintiff classes and predominate over any questions that affect only

12   individual members of each class. The common questions of law and fact include, but are not

13   limited to:

14           i.    Whether Defendants violated Labor Code sections 1194 and 1197

15   by not paying wages at the minimum wage rate for all time that the Minimum Wage Class

16   Members were subject to Defendants' control;

17           ii.    Whether Defendants failed to pay the Reporting Time Pay Class

18   reporting time pay when Defendants required them to report for work and they did report, but

19   Defendants did not put them to work or they worked less than half their usual or scheduled day's

20   work;

21           iii.    Whether Defendants violated Labor Code section 226.7, as well as

22   the applicable Wage Order, by employing the Meal Period Class Members without providing all

23   compliant and/or required meal periods and/or paying meal period premium wages;

24           iv.    Whether Defendants failed to provide the Wage Statement Class

25   Members with accurate itemized statements at the time they received their itemized statements;

26           v.    Whether Defendants failed to provide the Waiting Time Class

27   Members with all of their earned wages upon separation of employment within the statutory time

28   period;

1    vi.    Whether Defendants committed unlawful business acts or practice

2    within the meaning of Business and Professions Code sections 17200, *et seq.*;

3    vii.    Whether Class Members are entitled to unpaid wages, penalties, and

4    other relief pursuant to their claims;

5    viii.    Whether, as a consequence of Defendants' unlawful conduct, the

6    Class Members are entitled to restitution, and/or equitable relief; and

7    ix.    Whether Defendants' affirmative defenses, if any, raise any common

8    issues of law or fact as to Plaintiff and as to Class Members as a whole.

9    C.    **Typicality**: Plaintiff's claims are typical of the claims of the class members

10    in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages

11    arising out of Defendants' failure to pay wages at least at minimum wage for all time the

12    employees were subject to Defendants' control. Plaintiff and members of the Reporting Time Pay

13    Class sustained damages arising out of Defendants' failure to pay them reporting time pay.

14    Plaintiff and members of the Meal Period Class sustained damages arising out of Defendants'

15    failure to provide non-exempt employees with all required meal periods and/or meal periods that

16    were duty-free and not less than thirty (30) minutes and/or failure to pay meal period premium

17    wages as compensation. Plaintiff and members of the Wage Statement Class sustained damages

18    arising out of Defendants' failure to furnish them with accurate itemized wage statements in

19    compliance with Labor Code section 226. Plaintiff and members of the Waiting Time Class

20    sustained damages arising out of Defendants' failure to provide all unpaid yet earned wages due

21    upon separation of employment within the statutory time limit.

22    D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect

23    the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of

24    the other class members.

25    E.    **Superiority**: A class action is superior to other available means for the fair

26    and efficient adjudication of this controversy. Because individual joinder of all members of each

27    class is impractical, class action treatment will permit a large number of similarly situated persons

28    to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.    **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees often are afraid to assert their rights out of fear of direct or indirect retaliation. Former employees fear bringing actions because they perceive their former employers can blacklist them in their future endeavors with negative references or by other means. Class actions provide the class members who are not named in the Complaint with a type of anonymity that allows for vindication of their rights.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197

**(Against All Defendants by Plaintiff and the Minimum Wage Class)**

37.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

38.    At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class were hourly non-exempt employees of Defendants.

39.    Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

40.    Defendants' policies, practices, and/or procedures required Plaintiff and the Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

41.    Defendants employed policies, practices, and/or procedures including, but not

1    limited to:

2         (a) "Rounding" down or "shaving" Plaintiff and the Minimum Wage Class total daily

3    hours at the time of their clock-in and clock-out to the nearest one-tenth of an hour, to the benefit

4    of Defendants; and

5         (b) Requiring Plaintiff and the Minimum Wage Class to call in prior to theirs start shift

6    to determine whether Plaintiff and the Minimum Wage Class are scheduled to work.

7         42.    Plaintiff and the Minimum Wage Class were not paid for this time resulting in

8    Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class

9    worked.

10        43.    As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage

11   Class have suffered damages in an amount subject to proof, to the extent that they were not paid

12   wages at a minimum wage rate for all hours worked.

13        44.    Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum

14   Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in

15   the amount of their unpaid minimum wage, and attorneys' fees and costs.

16                          **SECOND CAUSE OF ACTION**

17      **FAILURE TO PAY REPORTING TIME PAY IN VIOLATION OF LABOR CODE**

18                       **SECTIONS 1194, 1197 AND 1198**

19        **(Against All Defendants by Plaintiff and the Reporting Time Pay Class)**

20        45.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

21        46.    At all times relevant to this Complaint, Plaintiff and the Reporting Time Pay Class

22   were hourly non-exempt employees of Defendants in California and covered by Labor Code

23   sections 1194, 1197, 1198, and Wage Order 4.

24        47.    Labor Code sections 1194 and 1197 require that an employer compensate

25   employees for "hours worked" at least at a minimum wage rate of pay as established by Wage

26   Order 4. Labor Code section 1198 provides, "the maximum hours of work and the standard

27   conditions of labor fixed by the commission shall be the maximum hours of work and the standard

28   conditions of labor for employees. The employment of any employee for longer hours than those

fixed by the order or under conditions of labor prohibited by the order is unlawful." Section 5(A) of Wage Order 4 requires that when an "employee is required to report for work and does report but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage." Wage Order 4, §5(A).

48.    In this case Defendants required Plaintiff and the Reporting Time Pay Class to call in prior to their start shift to determine whether they are scheduled to work that day.

49.    Defendants are liable to Plaintiff and the Reporting Time Pay Class for reporting time pay for each day Defendants caused them to work but were put to work for less than half of their usual or scheduled day's work.

50.    Pursuant to Labor Code sections 218.5, 1194, 1197, 1198, and Wage Order 4, Plaintiff and the Reporting Time Pay Class are entitled to recover the full amount of unpaid reporting time pay, interest thereon, liquidated damages, reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

## FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTION 226.7

### (Against All Defendants by Plaintiff and the Meal Period Class)

51.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

52.    At all times relevant to this Complaint, Plaintiff and the Meal Period Class were hourly non-exempt employees of Defendants, covered by Labor Code section 226.7 and the Wage Order.

53.    California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code section 226.7; Wage Order 4, §11; *Brinker Rest. Corp. v. Super*

*Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee does not receive a required meal or rest period that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

54.     In this case, Plaintiff and the Meal Period Class worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to:

(a) "Rounding" or "shaving" Plaintiff and the Meal Period Class total daily hours at the time of their clock-in and clock-out for their meal breaks to the nearest one-tenth of an hour, to the benefit of Defendants.

55.     Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant meal periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Meal Period Class with premium wages when they did not receive all legally required and legally compliant meal periods.

56.     Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and the Meal Period Class and such conduct has continued through the filing of this Complaint.

57.     Because Defendants failed to provide employees with meal periods in compliance with the law, Defendants are liable to Plaintiff and the Meal Period Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant meal periods, pursuant to Labor Code section

226.7 and the Wage Order.

58.     Plaintiff, on behalf of himself, and the Meal Period Class seeks damages and all other relief allowable, including a meal period premium wage for each workday Defendants failed to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226

#### (Against All Defendants by Plaintiff and the Wage Statement Class)

59.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

60.     At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

61.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

62.     As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and the Wage Statement Class who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages and/ or reporting time,), in violation of Labor Code section 226.

63.     Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

64.     Defendants' failure to provide Plaintiff and the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants knowingly and intentionally providing inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

65.     As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage Statement Class from having to reconstruct time and pay records than if Defendants had complied with their legal obligations.

66.     Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

67.     Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Class members with inaccurate wage statements in violation of Labor Code section 226(a) and currently employed Wage Statement Class members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants'

1    compliance with Labor Code section 226(a).

2       68.     Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage
3    Statement Class are entitled to recover the full amount of penalties due under section 226(e),
4    reasonable attorneys' fees, and costs of suit.

5                              **FIFTH CAUSE OF ACTION**

6    **FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT**

7              **IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

8              **(Against All Defendants by Plaintiff and the Waiting Time Class)**

9       69.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

10      70.     At all times relevant to this Complaint, Plaintiff and the Waiting Time Class were
11   employees of Defendants, covered by Labor Code sections 201 and 202.

12      71.     An employer is required to pay all unpaid wages timely after an employee's
13   employment ends. The wages are due immediately upon termination or within seventy-two (72)
14   hours of resignation. Labor Code sections 201, 202. If an employee gave seventy-two (72) hours
15   previous notice, they were entitled to payment of all wages earned and unpaid at the time of
16   resignation. *Id.*

17      72.     Defendants failed to pay Plaintiff and on information and belief, the Waiting Time
18   Class, with all wages earned and unpaid prior to separation of employment, in accordance with
19   either Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at
20   all relevant times within the limitations period applicable to this cause of action, Defendants
21   maintained a policy or practice of not paying hourly employees all earned wages timely upon
22   separation of employment.

23      73.     Defendants committed direct violations of Labor Code section 203, because they
24   failed to provide Plaintiff and the Waiting Time Class their final wages in a timely manner as
25   required by Labor Code section 203. Defendants did not pay Plaintiff and the Waiting Time Class
26   final wages until the pay period following the date of termination.

27      74.     Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages
28   earned prior to separation of employment timely in accordance with Labor Code sections 201 and

202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked and/or reporting time wages. When Defendants failed to pay Plaintiff and the Waiting Time Class all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

75.     Pursuant to either Labor Code section 201 or 202, Plaintiff and the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants have yet to pay them.

76.     Pursuant to Labor Code section 203, Plaintiff and the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days.

77.     As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation of employment.

78.     As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code section 203.

79.     Plaintiff and the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Labor Code section 203, and interest thereon.

## SIXTH CAUSE OF ACTION

**UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**(Against All Defendants by Plaintiff and the California Class)**

80.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

81.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. This unfair conduct includes

Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay wages for all hours worked at minimum wage; failure to pay reporting time pay; authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment. Due to their unfair and unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to pay minimum wages for all hours worked; pay reporting time pay; authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; provide accurate wage and hour statements; and timely pay all wages due upon separation of employment.

82. As a result of Defendants' unfair competition as alleged herein, Plaintiff and the California Class have suffered injury in fact and lost money or property, as described in more detail above.

83. Pursuant to Business and Professions Code section 17203, Plaintiff and the California Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

**PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF ON HIS OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION:**

1. That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.    That the named Plaintiff be designated as a class representative for the California Class (and all sub-classes thereof);

3.    For a declaratory judgment that the policies, practices, and/or procedures complained herein are unlawful; and

4.    For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

## ON THE FIRST CAUSE OF ACTION:

1.    That Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2.    For damages, according to proof, including but not limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For liquidated damages pursuant to Labor Code section 1194.2;

5.    For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

6.    For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194;

7.    For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

8.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

## ON THE SECOND CAUSE OF ACTION:

1.    That the Defendants be found to have violated the reporting time provisions of the Labor Code and the IWC Wage Order as to the Plaintiff and the Reporting Time Pay Class;

2.    For damages, according to proof, including but not necessarily limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For liquidated damages pursuant to Labor Code section 1194.2;

1    5.    For pre-judgment interest, including but not limited to that recoverable under

2    California Labor Code sections 218.6 and 1194, and post-judgment interest;

3    6.    For attorneys' fees and costs of suit, including but not limited to that recoverable

4    under Labor Code sections 218.6 and 1194; and

5    7.    For such and other further relief, in law and/or equity, as the Court deems just or

6    appropriate.

7    **ON THE THIRD CAUSE OF ACTION:**

8    1.    That Defendants be found to have violated the meal period provisions of the Labor

9    Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

10    2.    For damages, according to proof, including unpaid premium wages;

11    3.    For any and all legally applicable penalties;

12    4.    For pre-judgment interest, including but not limited to that recoverable under Labor

13    Code section 218.6, and post-judgment interest; and

14    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

15    **ON THE FOURTH CAUSE OF ACTION:**

16    1.    That Defendants be found to have violated the provisions of the Labor Code

17    regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

18    2.    For damages and/or penalties, according to proof, including damages and/or

19    statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable

20    damages or penalties;

21    3.    For pre-judgment interest and post-judgment interest;

22    4.    For an injunction against Defendants enjoining them, and any and all persons

23    acting in concert with them, from engaging in violations of Labor Code section 226, subdivision

24    (a);

25    5.    For attorneys' fees and costs of suit, including but not limited to those recoverable

26    under Labor Code section 226, subdivision (e); and

27    6.    For such other further relief, in law and/or equity, as the Court deems just or

28    appropriate.

**FIRST AMENDED COMPLAINT**
23

**ON THE FIFTH CAUSE OF ACTION:**

1.      That Defendants be found to have violated the provisions of the Labor Code regarding payment of all unpaid wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.      For pre-judgment interest, including under Labor Code section 218.6, and post-judgment interest; and

4.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SIXTH CAUSE OF ACTION:**

1.      That Defendants be found to have violated Business and Professions Code sections 17200, *et seq.*, for the conduct alleged herein as to the California Class;

2.      A declaratory judgment that the practices complained herein are unlawful;

3.      An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.      For restitution to the full extent permitted by law; and

5.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: October 20, 2023                         Respectfully submitted,
                                                **LAVI & EBRAHIMIAN, LLP**


                                    By:    _____
                                                Joseph Lavi, Esq.
                                                Vincent C. Granberry, Esq.
                                                Aaron D. Boal, Esq.
                                                Attorneys for Plaintiff
                                                WALTER L. RAINES, on behalf of himself and
                                                others similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff WALTER L. RAINES demands a trial by jury for himself and the California Class on all claims so triable.

Dated: October 20, 2023                             Respectfully submitted,
                                                    **LAVI & EBRAHIMIAN, LLP**

                                        By: _____
                                                    Joseph Lavi, Esq.
                                                    Vincent C. Granberry, Esq.
                                                    Aaron D. Boal, Esq.
                                                    Attorneys for Plaintiff
                                                    WALTER L. RAINES, on behalf of himself and
                                                    others similarly situated